IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2016 SEP -1 PM 1:48

DEPUTY CLERK ____

| | | |
|---|---|---|
| RICARDO CAVAZOS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:15-CV-0286 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION
### TO GRANT RESPONDENT'S MOTION TO DISMISS and
### TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner RICARDO CAVAZOS. By his habeas application, petitioner challenges four (4) March 8, 2006 convictions out of the 252nd Judicial District Court of Potter County, Texas, to wit: two convictions for aggravated sexual assault of a child, one conviction for sexual assault of a child, and one conviction for indecency with a child by sexual contact. Petitioner received a life sentence, 60-year, 20-year and 10-year sentences, respectively, for those convictions. *See State v. Cavazos*, No. 51,006-C, 51,007-C, 51,008-C and 51,009-C.

### I.
### BACKGROUND

On June 22, 2005, petitioner was charged by indictment with two (2) first degree felony offenses of aggravated sexual assault of a child in violation of Texas Penal Code § 22.021(a)(2)(B),

said offenses alleged to have been committed on or about October 22, 1997. Cause Nos. 51,006-C, 51,007-C. On that same date, petitioner was charged by indictment with the second degree felony offenses of sexual assault of a child in violation of Texas Penal Code § 22.011(a)(2), said offense alleged to have been committed on or about October 22, 2000, Cause No. 51,008-C, and indecency with a child by sexual contact, in violation of Texas Penal Code § 21.11(a)(1), said offense alleged to have been committed on or about October 25, 2004, Cause No. 51,009-C. The alleged victims of the offenses were petitioner's daughters and defendant confessed to the repeated offenses in writing.[1]

On March 8, 2006, petitioner signed written plea admonishments stating that if convicted, petitioner faced imprisonment "for life or for any term of not more than 99 years or less than 5 years" for the aggravated sexual assault offenses, and "for any term of not more than 20 years or less than 2 years" for the sexual assault of a child and indecency with a child offenses. Petitioner filed an application for community supervision, *i.e.*, probation, in each case. Petitioner entered an "open" plea in each case, pleading guilty to the charged offense <u>without</u> a plea agreement or an agreed sentence recommendation from the prosecution. The trial court accepted petitioner's pleas and, after noting the facts of the cases were "egregious" and the evidence "so overwhelming in terms of the repetitive nature of the offenses," sentenced petitioner to a 60-year term of imprisonment for the aggravated sexual assault conviction in Cause No. 51,006-C, a life sentence for the aggravated sexual assault conviction in Cause No. 51,007-C, a 20-year sentence for the sexual assault of a child conviction in Cause No. 51,008-C, and a 10-year sentence for the indecency with a child conviction in Cause No. 51,009-C. The trial court ordered petitioner's 20-year sentence to run consecutive to

---

[1] Petitioner was originally charged with the offenses by complaint on December 6, 2004 and trial counsel was appointed to represent petitioner that same date.

his other sentences. Petitioner has discharged the 10-year sentence for the indecency with a child conviction which was running concurrently with his 60-year and life sentences.

The trial court certified petitioner's cases were not plea-bargained cases and certified petitioner had a right to appeal each case, however, no timely direct appeals were filed. After being granted an out-of-time appeal in March 2012, petitioner, represented by new appellate counsel, directly appealed his convictions and sentences to the Court of Appeals for the Seventh District of Texas alleging, as his sole ground, error for assessing $1,225.00 against petitioner for attorney's fees. On January 3, 2013, the intermediate appellate court granted petitioner the relief sought in Cause No. 51,006-C by modifying the judgment to eliminate the assessment. The appellate court then affirmed all judgments of conviction in all cases. *Cavazos v. State*, Nos. 07-12-0135-CR, 07-12-0136-CR, 07-12-0137-CR & 07-12-0138-CR. Petitioner did not file petitions for discretionary review with the Texas Court of Criminal Appeals.

On November 30, 2013, petitioner presumably delivered, to the prison authorities for mailing, petitions for state writs of habeas corpus challenging his convictions and sentences. Such petitions, alleging ineffective assistance of trial counsel for misleading petitioner to believe he would receive probation in all four (4) cases if he pleaded guilty, were received by the state district court and file marked on December 18, 2013. On September 17, 2014, the Texas Court of Criminal Appeals denied petitioner's state habeas applications without written order on findings of the trial court without a hearing. *In re Cavazos*, Nos. 75,914-05,-06, -07, -08. On that same date, the court sent four (4) separate notices of the court's rulings to petitioner at the McConnell Unit where he was confined. On September 25, 2014, petitioner drafted a "Motion to Expedite" seeking action in his state habeas proceedings and mailed such motion to the Court of Appeals for the Seventh District of Texas who received the motion on September 30, 2014. The state intermediate appellate court

forwarded the motion to the Texas Court of Criminal Appeals who received the motion on October 9, 2014 and filed it in each of petitioner's recently closed state habeas cases utilizing the September 25, 2014 draft date as the filing date. On November 3, 2014, the Court of Criminal Appeals construed petitioner's "Motion to Expedite" as an Original Motion for a Writ of Mandamus and filed it under a new cause number, No. 75,914-09. On November 26, 2014, the court denied petitioner leave to file a motion for mandamus without written order.

On May 12, 2015, petitioner forwarded correspondence to the Court of Criminal Appeals inquiring as to his state habeas applications in Cause Nos. 75,914-01, -02, -03, and -04. On May 26, 2015, the court forwarded petitioner docket sheets from his original 2011 habeas proceedings as requested. On June 9, 2015, petitioner forwarded correspondence to the court inquiring as to his 2014 habeas proceedings, Cause Nos. 75,914-05, -06, -07, and -08. On June 11, 2015, the court advised petitioner, in each cause number, that these state habeas applications were denied on September 17, 2014. The court also advised in Cause No. 75,914-09 that petitioner's motion for leave to file a mandamus was denied on November 26, 2014. Petitioner purportedly received the court's notices on June 16, 2015.

On September 14, 2015, petitioner presumably placed the instant petition for a federal writ of habeas corpus in the prison mailing system, such petition being received and filed of record on September 17, 2015. On December 18, 2015, respondent filed a preliminary response in the form of a motion to dismiss arguing petitioner's application for a federal writ of habeas corpus is time barred. On January 6, 2016, petitioner filed a reply opposing respondent's preliminary response.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United

States because:

1. Petitioner was denied effective assistance of counsel because trial counsel misled petitioner into believing he would receive probation in all four (4) cases in exchange for his guilty pleas;

2. Petitioner's guilty plea was involuntary as a result of counsel misleading him to believe he would receive probation in all four (4) cases in exchange for his guilty pleas; and

3. The state habeas corpus proceedings were flawed.

### III.
### TIME BAR

Question 26 of the federal habeas corpus form instructs a petitioner that if his or her judgment of conviction became final more than a year prior to the filing of the habeas petition, then petitioner "must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar [his or her] petition." In response, petitioner stated:

> The Court of Criminal Appeals of Texas failed to inform the petitioner of its decision to deny his Habeas Corpus 11.07.

In his December 18, 2015 preliminary response/motion to dismiss, respondent appears to have fully and accurately set forth relevant dates in these cases. Respondent argues petitioner has not shown entitlement to equitable tolling of the limitation period, and asserts the case is barred by the statute of limitations in federal habeas corpus cases.

Based on the record, the undersigned makes the following findings:

1. Petitioner was sentenced in all four (4) cases on **March 8, 2006**;

2. After being granted leave on state habeas review to file out-of-time appeals, petitioner timely filed direct appeals of his convictions and sentences. The state intermediate appellate court affirmed petitioner's convictions and sentences on January 3, 2013. Petitioner did not timely seek discretionary review of the intermediate appellate court's decisions. Therefore, petitioner's convictions became final on **February 2, 2013**, when the 30-day period to

file a petition for discretionary review expired.

3. Petitioner's federal habeas corpus petitions were thus due on or before **February 2, 2014**, one (1) year from the date the judgment became final, unless statutory or equitable tolling applies.

4. Petitioner's state habeas applications are to be treated as filed **November 30, 2013** when petitioner purportedly placed the applications, along with other pleadings and accompanying documents, in the state prison mail system. At the time of the November 30, 2013 filing, **300 days of the 1-year limitation period had passed**.

5. Petitioner's state habeas applications were denied **September 17, 2014**, thereby statutorily tolling the statute of limitations for **292 days (November 30, 2013 - September 17, 2014)** while the applications were pending.

## IV.
## EQUITABLE TOLLING

In his memorandum and in his response to respondent's motion to dismiss, petitioner claims the statute of limitations should be equitably tolled for various periods of time because (1) his "writ writer," before filing petitioner's state habeas action, required petitioner to obtain "proof" in the form of letters from three people he had told of his belief that he would receive probated sentences as a result of his guilty plea; (2) he (petitioner) did not have knowledge of the Texas Court of Criminal Appeals' decision denying state habeas relief until June 16, 2015; (3) after receiving the delayed notice of the denial of his state habeas application, his "writ writer" had to research whether there was a state remedy he had to first exhaust (regarding the delayed notice) prior to filing petitioner's federal habeas application; and (4) the unit in which his "writ writer" was confined was on lockdown for just over three weeks during the limitation period.

The Fifth Circuit has recognized the one year limitation period for filing a habeas corpus petition established in 28 U.S.C. § 2244(d)(1) is not a jurisdictional bar and is subject to equitable tolling. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Although equitable tolling is a

"discretionary doctrine that turns on the facts and circumstances of a particular case," the court ordinarily "draw[s] on general principles to guide when equitable tolling is appropriate." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). As a general rule, equitable tolling operates only "in rare and exceptional circumstances" where it is necessary to "preserve[ ] a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810–11 (emphasis added). Equitable tolling applies "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (citation omitted). As a consequence, neither "excusable neglect" nor ignorance of the law is sufficient to justify equitable tolling. *Id.*

### A. Letter Requirement

Petitioner contends the federal one year limitation period should be equitably tolled for almost ten (10) months for the length of time it took him to obtain letters from three (3) people verifying he had told them of his belief that he would receive probated sentences if he entered guilty pleas. Petitioner contends his "writ writer" would not file a state habeas action on petitioner's behalf until he had obtained this "proof" of his allegations.

Whether petitioner prepared his state habeas petition for filing or whether he elected to rely on another prison inmate for assistance, the purported requirement of obtaining "proof" of his state of mind at the time of his guilty plea before filing his state habeas application was self imposed. Petitioner was not actively misled by the State or prevented in some other extraordinary way by forces beyond his control from filing his state habeas action. Arbitrary requirements imposed by a "writ writer" do not, in any way, constitute a basis for equitable tolling of the limitation period.

Petitioner has not demonstrated any entitlement to equitable tolling of the nearly 10 months before he filed his state habeas petition challenging his convictions and sentences.

### B. Knowledge of State Court Ruling

Petitioner argues the federal one-year limitation period should be equitably tolled because he did not receive timely notice that the Texas Court of Criminal Appeals denied his state habeas petitioner on September 17, 2014. Petitioner contends he did not have knowledge of the Texas Court of Criminal Appeals decision denying state habeas relief until June 16, 2015.

Equitable tolling may be justified in circumstances where the petitioner is not notified of a court's decision. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (*citing Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999)). However, equitable tolling "will not be applied where the applicant failed to diligently pursue habeas corpus relief under § 2254." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Although the focus in determining whether equitable tolling will be applied is on a petitioner's diligence both before and after receiving notice of a court's decision, this court need not engage in such an analysis because even affording petitioner equitable tolling for the time period in question, September 17, 2014 - June 16, 2015, petitioner's federal habeas application is still time barred. Therefore, the undersigned will equitably toll the limitation period from September 17, 2014 - June 16, 2015 (273 days), but emphasizes this equitable tolling is solely for the sake of argument and <u>not</u> based upon a finding that petitioner diligently pursued federal habeas corpus relief.

### C. Need to Research Alternative Remedies

Petitioner contends the federal one-year limitation period should be equitably tolled because his "writ writer," after learning of the denial of the state habeas petition, had to research whether

there were possible state remedies petitioner needed to exhaust as a result of the delayed notice prior to filing petitioner's federal habeas petition. Again, these actions or decisions made by petitioner or his "writ writer" do not qualify as the rare and exceptional circumstances required for equitable tolling. Petitioner's federal habeas, which mirrors his state habeas for the most part, could have and should have been timely filed upon receiving notice of the denial of his state habeas. Ignorance of the law does not entitle a litigant to equitable tolling, whether it is the *pro se* petitioner's ignorance or is the ignorance of another inmate enlisted to help a *pro se* litigant. Petitioner, although not identifying the specific time period at issue, has not demonstrated equitable tolling is applicable because of a need to research possible state remedies prior to filing the instant federal habeas action.

### D. Unit Lockdown

Petitioner contends the federal one year limitation period should be equitably tolled from July 20, 2015 - August 13, 2015 because the unit in which his writ writer was confined was on lockdown during that time period. The occurrence of a prison lock down does not, in and of itself, form a basis for equitable tolling. Petitioner provides no explanation why he could not have prepared and filed his federal petition prior to or after the lockdown, nor does he allege the lockdown restricted the sending of mail to this court during that period. Even so, the lockdown would account for only twenty-five (25) days of the limitation period. Petitioner has not demonstrated he is entitled to equitable tolling for this time period.

Based on the above, the undersigned makes the additional findings:

6. Respondent has not demonstrated petitioner received notice of the Texas Court of Criminal Appeals' September 17, 2014 denial of his state habeas applications prior to **June 16, 2015**, the date petitioner claims he first received notice of the court's rulings.

7. For the sole purpose of argument only, and without any analysis of

petitioner's due diligence in seeking state or federal habeas relief, the statute of limitations will be considered equitably tolled from **September 17, 2014 through June 16, 2015, or 273 days.**

8. Petitioner's federal habeas corpus application is treated as filed on **September 14, 2015** when it was purportedly placed in the state prison mailing system, 92 days after petitioner purportedly learned of the denial of his state habeas applications on June 16, 2015.

9. Petitioner has not demonstrated he is entitled to any additional equitable tolling of the limitation period because of the time it took to obtain letters from individuals attesting petitioner told them of his belief that he would receive probation, because of his writ writer's need to research alternative state remedies after receiving delayed notice of the denial of his state habeas actions, or because of the writ writer's temporary unit lockdown. If petitioner chooses to use the assistance of a non-lawyer inmate, he does so at his own peril.

10. Petitioner has not shown he was actively misled by the State.

11. Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

12. The record does not reflect any unconstitutional "State action" impeded petitioner from filing for federal habeas corpus relief prior to the end of the limitation period.

13. Petitioner's claims are not of such a nature that petitioner was unable to exercise due diligence and discover the claims at an earlier date.

14. Petitioner's federal habeas corpus application, treated as filed on **September 14, 2015** when it was purportedly placed in the state prison mailing system, was filed after the expiration of the federal statute of limitations and is time barred.

15. Petitioner has not asserted he is actually innocent of committing the offenses of which he was convicted, nor has he demonstrated actual innocence, as a basis for overcoming the federal limitations bar. In fact, his claims relate to sentencing rather than guilt.

16. Even giving petitioner the full benefit of all the excluded time, his federal habeas application was filed at least twenty-four (24) days after the expiration of the limitation period.

```
February 3, 2013 to November 29, 2013    =     300 days
June 17, 2015 to September 13, 2015      =   + 89 days
                                               389 days
                                             - 365 days
                                                24 days
```

For the reasons set out herein and by respondent in his Motion to Dismiss filed December 18, 2015 [Dkt. 15], it is the opinion of the undersigned that petitioner's application for a federal writ of habeas corpus is time-barred.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the motion to dismiss filed by respondent be GRANTED, and the petition for a writ of habeas corpus filed by petitioner RICARDO CAVAZOS be DISMISSED be dismissed as time-barred.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ___1st___ day of September 2016.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).